# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re:* **P.L.**

**No. 12-1372** (Webster County 11-JA-39)

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel Christina C. Flanigan, from the Circuit Court of Webster County which terminated his parental rights to P.L. by order entered on October 24, 2012.[1] The guardian ad litem for the child, David Karickhoff, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed the first petition of this case in July of 2011, alleging the parents' drug and alcohol abuse. Throughout the duration of these proceedings, the circuit court granted petitioner at least two improvement periods with terms and conditions to remain free of drugs and alcohol.[2] Nevertheless, Petitioner Father appeared to circuit court intoxicated on at least one occasion and, in other instances, tested positive for alcohol and other drugs such as methamphetamine. The DHHR filed a motion to terminate petitioner's rehabilitation period and to terminate his parental rights to P.L. After a hearing on these motions, the circuit court found that petitioner has the ability to comply with rehabilitation, but that his choice not to do so and his denial of his addiction issues were not in the child's best interests. Consequently, the circuit

---

[1] Both the transcript of the dispositional hearing and the circuit court's termination order reflect that petitioner's rights as a psychological parent were terminated to two other children involved in the underlying proceedings. These children were half-siblings to P.L. and not biological children of Petitioner Father. On appeal, Petitioner Father only argues against the termination of his parental rights to P.L.

[2] At one point, petitioner was dismissed from the case and made a nominal party. At this dismissal, the circuit court ordered that the DHHR conduct a walk-through of petitioner's residence in consideration of placing P.L. with him. Upon this walk-through, however, the DHHR discovered three individuals entering and exiting petitioner's residence with bags of alcohol containers. The DHHR subsequently filed its second amended petition, re-including petitioner into the proceedings.

court terminated Petitioner Father's parental rights in October of 2012, from which Petitioner Father now appeals.

Petitioner Father appeals, arguing that the circuit court erred by terminating his parental rights because there was a significant bond between him and the child, he was granted a rehabilitation period of a year for his substance abuse, and the child's mother was compliant with her improvement period. In response, the child's guardian ad litem and the DHHR both contend that the circuit court did not commit error. They argue that the circuit court correctly based its termination of petitioner's parental rights on his inability to care for himself, much less the subject child, due to his drug and alcohol abuse. They argue that, accordingly, the circuit court properly terminated petitioner's parental rights pursuant to West Virginia Code §§ 49-6-5(a)(6) and (b)(1).

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Father's rehabilitation period or in its termination of Petitioner Father's parental rights. The circuit court has the discretion to terminate a subject parent's period of improvement before it has expired. *See* Syl. Pt. 6, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). The Court finds that the circuit court was presented with sufficient evidence upon which it could have based findings that there was no reasonable likelihood to believe that the conditions of abuse and neglect could be substantially corrected in the near future and upon which it based findings that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject child.

Affirmed.

2

**ISSUED:**  March 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II